## DUNSCOMB, Plaintiff in Error, *vs.* MADDOX, Defendant in Error.

1. The provision in the act establishing the St. Louis Land Court, (Sess. Acts, 1853, p. 90,) that no judgment of a court in St. Louis county shall be a lien upon real estate until an abstract is filed in the Land Court, does not repeal the provision in the revised code of 1845, that there shall be no priority as between judgments rendered at the same term of a court.

*Error to St. Louis Circuit Court.*

*M. L. Gray*, for plaintiff in error.
*Krum & Harding, Cline & Jamison*, for defendant in error.

LEONARD, Judge, delivered the opinion of the court.

Five judgments were recovered by different parties against the same common debtor in the St. Louis Circuit Court, at the same term, but upon different days, and afterwards entered upon the abstract of judgments required to be kept by the clerk of the St. Louis Land Court, the two first on the same day, and the three others on subsequent successive days. The debtor's land in St. Louis county was sold upon execution out of the Circuit Court, and that court refusing to order the proceeds (there not being enough to pay all) to be applied to the two judgments first entered upon the abstract, to the exclusion of the others, the propriety of that decision is brought here for our determination.

This involves the proper construction of the 14th section of the act of the 23d of February, 1853, (Sess. Acts of 1852–3, p. 70,) establishing the St. Louis Land Court, taken in connection with the 2d and 3d sections of the revised code of 1845, concerning judgments and decrees. The general law provides, by section 2, that " Judgments and decrees rendered by any court of record shall be a lien on the real estate of the person against whom they are rendered, situate in the county for which the court is held ;" and, by section 3d, that " Liens shall commence on the day of the rendition of the judgment, and shall continue for three years, subject to be revived as hereinafter provided ; but when two or more judgments or decrees are rendered at the same term, as between the parties entitled to such judgments or decrees, the lien shall commence on the last day of the term at which they are rendered."

The provision of the 14th section of the St. Louis Land Court, so far as it relates to the present matter, is, that " No judgment rendered by any court in St. Louis county, shall be a lien on real estate until an abstract of said judgment shall be entered in a book to be kept by the clerk of said court."

It is insisted, in support of the present judgment, that, although generally judgments take effect as liens upon lands in

St. Louis county only from the time they are entered upon the abstract of judgments, yet, when rendered by the same court, at the same term, they take effect without any priorities, as between themselves, pursuant to the 3d section of the general law, there being no such inconsistency between these provisions as to make one a repeal, by necessary implication, of the other. Certainly, the legislature have not manifested their intention upon this subject so clearly as to put it beyond doubt, yet, after having considered every thing that ought to influence our judgments in the matter, we have also come to that opinion.

It will be observed that the third section of the revised statute, which we have quoted, contains two provisions—one general, declaring when the lien shall commence, and how long it shall continue ; and the other specially declaring at what time the lien shall be considered to have attached, in a question between judgments of the same court rendered at the same term. Certainly, the new law cannot be allowed to repeal, in reference to St. Louis county, the general provision contained in this section, and then stand as a substitute in its place ; for, if it does, there is nothing left in the general law, or contained in the supposed substitute, limiting St. Louis judgment liens to three years, or, at least, to three years from the time they were rendered, and we may safely assume that the legislature never intended to change the general law upon either of these points in this county. The new law may be construed as a general provision, to the effect that, in order to constitute a St. Louis judgment a lien upon land, it must be entered upon the abstract of judgments, and which would, of course, repeal by necessary implication, the general law, so far as it related to the time at which the lien should attach, and no further ; and this construction, which must be given, in order to preserve the manifest intention of the legislature in the other particular suggested, leaves the old law untouched in the point now under consideration. Under this view of the law, a judgment here attaches, as a lien upon land, at the time it is entered upon the abstract, and not before ; and the lien continues three years,

not from the time of this entry, but from the date of the judgment; and when the question is exclusively between judgments of the same court, rendered at the same term, which have been entered upon the abstract, there are no priorities as between themselves. It is admitted that there is no practical difficulty in the application of the principle to the present case, but it is said, cases may be suggested in which such difficulty would exist. If the third judgment in the present case had been a judgment of the St. Louis Court of Common Pleas, rendered after the two first, but before either of the other two, and entered in the same order of time upon the abstract, it is asked, how shall the fund be distributed? Shall it be given to the first two judgments, to the exclusion of the third, and then be divided rateably between all four circuit court judgments, or shall the first two judgments be considered as rendered on the last day of the term, and so postponed until the third judgment is satisfied? The answer to all this is obvious. The question in the case put is between judgments of different courts, and therefore not within the special provision now under consideration, in reference to judgments of the same court, and which is only applicable when *all* the judgments are of the same court, and does not extend to a case in which any of them are of a different court.

It must also be remarked that the practical difficulty which it is thought would be encountered by preserving in force, in this county, the special provision in reference to the lien, as between judgments of the same court and term, exists now to the same extent in the practical working of the general law in every county in the state. A circuit court judgment is obtained, and then a transcript of a justice's judgment is filed in the same court, and afterwards another judgment is recovered in the circuit court, and the land of the common debtor being sold under the eldest judgment, yields enough to pay off that lien, but not enough to satisfy the other two judgments, is a case that may frequently occur under the general law, and in which the same difficulty exists that is suggested in the case put by way of ar-

gument, and it must be dealt with in the manner before suggested. The money that is left must be applied to the payment of the justice's judgment, to the exclusion of the subsequent circuit court judgment.

Where there is no express repeal of the old law, but it is abrogated only by reason of its inconsistency with the new law, it is the duty of the court to restrain the repealing force of the new law accordingly ; and there being, as we think, no such inconsistency in the present provisions, it is our duty to allow them both to stand, and give effect to them accordingly.

The other judges concurring, the judgment is affirmed.