STATE OF MISSOURI *ex rel.* J. P. VASTINE, Petitioner, *v.*
  MCDONALD, JUDGE OF ST. LOUIS PROBATE COURT, Re-
  spondent.

*Laws—Public Administrators.*—The special statute (March 3, 1857—Sess. Acts
  1856–7, p. —) authorizing the election of public administrators in St. Louis
  and other counties, was not repealed by the general statute, R. C. 1865, p.
  515, § 1, authorizing probate or county courts to appoint public adminis-
  trators for their counties.

### Petition for Mandamus.

*Clover & Jecko*, for petitioner.

The argument of the defendant undoubtedly will be, that
the adoption of the revision of 1865 was a repeal of the spe-
cial law of 1857 ; that the revision of 1865, which declares
that each court having probate jurisdiction in any county
may appoint a public administrator, is a repeal of the law of
1857, which says that thereafter the public administrators
of those counties named in that act shall be elected by the
qualified voters of said counties ; and, to support this argu-
ment, reference will be made to the 6th sec., ch. 224, R. C.
1865, which continues in force, or leaves to expire accord-
ing to their respective provisions or limitations, all acts of a
local nature, or specifically applicable to particular counties,
in force on the 1st day of November, 1865, not repealed by,
or repugnant to the provisions of the general statutes.

It will be claimed that the provisions of the act of 1857
are *repugnant* to the provisions of the general statutes.   This
proposition is denied by the petitioner, who asserts the full
existence of the provisions of the act of 1857 in St. Louis

county. He asserts that both laws may well stand as they stood together before—the one (the revision of 1865) the rule, the other (the law of 1857) the exception : one specifically covering certain ground, to-wit, the counties named in that act; the other covering all other counties (except where the same exception prevails) generally.

A revision treating of general subjects, and digesting statute laws of a general nature, ought not to be held by implication to repeal local, private, or temporary laws.

It is hard to tell to what the enactment of the 6th section referred to, because it is reasonably certain, if anything can be certain, that all acts, or parts of acts, of a private, local, or temporary nature, or specifically applicable to particular cities or counties, in force on the 1st of November, 1865, not repealed by or repugnant to the provisions of the general statutes, or some act of the then present session of the General Assembly, would have continued in force or expired, according to their respective provisions or limitations, without any such provision.

It is supposed that this provision was inserted in the statutes simply as declaratory of what would have been the case without it, so as to place the matter beyond any and every dispute of what was the effect of a general revision of all the general statutes upon the operation of private, local, or temporary laws.

To hold that the revision of 1865 repeals all other laws previous in time because it treats of the same subject matter generally—all other laws of a special or private character—is going to an extravagant length ; and yet to hold that the revision of 1865 repeals the laws of 1857, is to go this length.

What constitutes a *repugnancy* so as to give this operation to the law of 1865 ? The answer must be, in the theory of the defendant—the law of 1857 makes the tenure of office two years—the law of 1865, four years—the law of 1857 makes the office elective—the law of 1865, appointive : these are *repugnancies*, so that the two laws cannot stand.

Surely there is no repugnancy in making the office in St.

Louis county elective, and in other counties appointive; or the term of office in St. Louis county four years, and in other counties two years. The repugnancy then lies in this, that in St. Louis county the office shall be elective under the law of 1857 and the provisions of the law of 1865, which says—*each* court having probate jurisdiction in any county may appoint a public administrator for its county.

The term "repugnant" means irreconcilable; the laws must be repugnant before a repeal is worked by construction that it must be "irreconcilable"— that is, cannot stand together—Smith's Com. Stat. & Const. 879. See, also, § 788, p. 905, same author, for strong exceptions to the rule—which is a general rule, it is true, but with very many exceptions, that a subsequent statute will control the provisions of a former statute. Deters v. Renick, 37 Mo. 597, is a strong case. A later statute which is general and affirmative does not abrogate a former which is particular—Dwar. on Stat. 532. The law does not favor a repeal by implication unless the repugnance be quite plain. Although two acts of Parliament are seemingly repugnant, yet if there be no clause of *non obstante* in the latter, they shall, if possible, have such construction that the latter may not be a repeal of the former by implication—Id. 533; Sedg. on Stat. 123.

Sir O. Bridgman lays down this doctrine, that the law will not allow the exposition of a statute to revoke or alter, by construction of general words, any particular statute, where the words may have their *proper operation* without it.

*J. K. Knight,* for respondent.

The following propositions are maintained as decisive of this case:

I. A subsequent statute which is clearly repugnant to a prior one necessarily repeals the former statute, although it does not do so in terms—Sedg. Stat. 124 et seq.; Dwar. on Stat. 535; 10 Mass. 37; 12 Mass. 555; 3 Bacon Abr., tit. Stat. 440.

II. Although a repeal by implication is not favored by

the courts, yet if the repugnancy between the two acts is so irreconcilable that they cannot stand together, then the prior act must be held to be repealed—Sedg. on Stat. 127 et seq. ; Dash v. Vanvleek, 7 Johns. 477–97 ; 4 Cow. 556; 11 Wend. 329 ; 6 Pick. 501.

III. A subsequent act repeals a prior one when the two cannot subsist together ; that is, when they are so essentially and substantially inconsistent that both cannot be executed. —Sedg on Stat. 125 ; 21 Pick. 373 ; 16 Barb. 15 ; 3 How. (U. S.) 636 ; 18 N. Y. 260 ; 21 Penn. 37.

IV. The repealing act may be a total, partial, or temporary repeal of the prior one. In the latter case, the subsequent act will be held to be only a repeal *pro tanto*—Fales v. Whiting, 7 Pick. 225 ; Fitzgibbon, K. B. 195. The act of 3d March, 1857, as to county School Commissioners, is repealed by another act of Gen. Stat. 267, § 49 ; see also act of November 4, 1857, Sess. Acts, p. 3.

V. The two acts, so far as the public administrator is concerned in this case, are essentially and substantially *inconsistent*. They cannot by any possibility stand and be executed together. If the office of public administrator is to be elective by the people, it cannot by any possibility be appointive by the Probate Court; if, on the contrary, the administrator is to be appointed by the Probate Court, he cannot be elected by the people. If he is to hold his office for but two years, his term of office cannot be four years. This is as clear a case of repugnancy as can well be imagined. The two acts cannot be executed together, and the local act must stand repealed—Howe v. Starkweather, 17 Mass. 240.

VI. This is held to be the effect of the 6th sec., chap. 224, p. 882, R. C. 1865. If any act of a " private, local, or temporary nature" was intended to be repealed when repugnant to the general statutes, why not this ?

VII. The general statute in this case was passed at a revising session of the General Assembly. In such case, all prior statutes are repealed by the subsequent one revising the whole subject matter of the prior statutes, unless contin-

ued in force by a saving provision—1 Pick. 43; 10 Mass. 37; 5 Pick. 168; 12 Mass. 555; 5 Hill, 221; 10 Barb. 46.

Where parts of a prior act are omitted in a revising statute, they cannot be revived by construction—1 Pick. 45, 154; 9 Pick. 97.

WAGNER, Judge, delivered the opinion of the court.

The relator claims the office of public administrator of St. Louis county by virtue of an election by the people at the last general election, and the respondent refuses to approve his bond and permit him to qualify on the ground that the law making the office elective is repealed, and that the power to appoint a person to fill the said office is vested in the respondent as sole judge of the St. Louis Probate Court. By an act of the Missouri Legislature approved March 3, 1857, it was provided at the next general election after the passage of the law, and every four years thereafter, the public administrator should be elected in certain counties including St. Louis, and that he should hold his office for four years and until his successor should be elected and qualified.

The General Statutes, chap. 428, § 1, p. 515, declares that " each court having probate jurisdiction in any county may appoint a public administrator for its county who shall have been a resident citizen of the county for one year previous to his appointment, and shall hold his office for two years and until his successor be qualified." Chap. 224, § 6, p. 883, of the General Statutes, provides that all acts or parts of acts of a private, local or temporary nature, or specifically applicable to certain particular cities or counties, in force on the first day of November in the year 1865, not repealed by or repugnant to the provisions of the General Statutes or some act of the present session of the General Assembly, shall continue in force or expire according to their respective provisions or limitations.

It is contended here that this last recited section of the general statutes necessarily repeals the special law and vests the power of appointment in the court having probate juris- -

diction, as prescribed by sec. 1, chap. 128; that the two acts are repugnant and inconsistent, and that the former must give way to the latter. It may be stated as a well settled rule of construction that the law does not favor the repeal of a statute by implication—Dwar. on Stat. 533; 11 Coke, 63; Dyer, 347. A later statute, which is general and affirmative, does not abrogate a former, which is particular, without negative words are used, or unless the two acts are irreconcilably inconsistent—Deters v. Renick, 37 Mo. 597; Dwar. 532; Brown v. County Court, 21 Penn. Stat. 37; O'Neil v. Commonwealth, id. 427. Sedgwick says: "The reason and philosophy of the rule is, that when the mind of the legislator has been turned to the details of a subject, and he has acted upon it, a subsequent statute in general terms or treating the subject in a general manner, and not expressly contradicting the original act, shall not be considered as intended to affect the more particular, or positive, previous provisions, unless it is absolutely necessary to give the latter act such a construction in order that its words shall have any meaning at all."—Sedg. Stat. & Const. Law, 123.

But it may be regarded as equally well settled, that a subsequent statute, which is clearly repugnant to a prior one, necessarily repeals the former, although it do not do so in express terms: *Leges posteriores priores contrarias, abrogant.* Now, the same provisions, in reference to giving the courts, having probate jurisdiction, the appointment of public administrators, was in the revisions of 1845 and 1855. It was incorporated in the statute book at the time the special law was passed rendering an election necessary in certain counties. The mind of the Legislature was especially directed to the general law when the special law was enacted. The special law must, then, be considered as a particular provision, an enactment upon the same subject matter in *pari materia*, and to be constructed in harmony with the general law. The revision of 1866, in the enactment of the same general law in precise and identical terms, cannot be held as a repeal of the particular special provision by any

sound or recognized rule of construction. Can it be said that the 6th section of chapter 224 accomplishes this result? It continues in force all acts and parts of acts of a private, local, or temporary nature, specially applicable to particular cities or counties not repealed by or repugnant to the provisions of the general statutes. The law, then, remains precisely where the statutes of 1855 left it. The general law and the special law both stood in full force by legislative enactment and legislative modification. It is evident there is no direct repeal; the presumption is strongly against a repeal by implication, and the manifest intention of the Legislature is indisputably opposed to the abrogation of the special law.

The Constitution wisely places a check on the vicious system of special legislation, but it does not enjoin the repeal of special acts which were in existence before it took effect.

A peremptory *mandamus* is ordered. The other judges concur.