CITY OF ST. LOUIS, Respondent, *v.* THE INDEPENDENT INSURANCE COMPANY OF MASSACHUSETTS, Appellant.

1. *Repeals by implication not favored.* —The law does not favor repeals of statutes by implication. A later statute, which is general and affirmative, does not abrogate a former one which is particular, unless negative words are used, or unless the two acts are irreconcilably inconsistent.

2. *Revenue—Foreign insurance companies— Ordinance compelling payment of $200 invalid—Construction of statute.*—Agents of foreign insurance companies are not liable to payment of $200 for license, as called for by the city ordinance of St. Louis, approved June 29, 1869. Subdivision 45 of section 1, article IV, of the city charter, passed in 1867 (Sess. Acts 1867, p. 45), author-

izing the license, by ordinance not inconsistent with the laws of the State, of "all insurance companies, banking corporations and banking associations," did not repeal section 6, page 780, Wagn. Stat., compelling agents of foreign insurance companies to pay an annual tax of $100 to the city collector, but left that section in full force. There was nothing irreconcilable between the general affirmative power as to licensing, contained in the city charter, and the especial clause embodied in the statute. Hence the ordinance of June 29, 1869, was unauthorized and void.

*Appeal from St. Louis Criminal Court.*

*Sharp & Broadhead*, and *Lubke* and *Thayer*, for appellant.

There is no direct repeal of the law in force at the time of the passage of the amended charter of 1867, and repeals by implication are not favored by the courts. There must be a positive repugnance·between the provisions of the new law and the old to work a repeal by implication, and even then the old law is only repealed to the extent of such repugnancy. (Wood v. United States, 16 Pet. 342; McCool v. Smith, 1 Block, 459.) The provision of the charter and that of the general law, relating to the case at bar, are consistent, and in nowise repugnant to each other.

*McGinnis*, and *Woerner & Kehr*, for respondent.

I. There is such repugnancy between the two acts that both of them can not stand together, and the prior act must give way. (Dwarris on Stat. 531; State v. Bender, 38 Mo. 450.)

II. The repeal is not only the legitimate and necessary result of the grant of power in the charters of 1866 and 1867, but is enacted in terms by the Legislature in both of the charters alluded to. (Sess. Acts 1866, p. 306, § 22.)

WAGNER, Judge, delivered the opinion of the court.·

This was a proceeding against the defendant for violating a city ordinance in doing business without taking out a license in compliance therewith. The case is brought here for review from the St. Louis Criminal Court, where it was appealed from the Police Court. In both of the courts below the verdict was for the plaintiff.

The defendant is a foreign insurance company, and, having complied with the general laws of this State, is authorized to do business here. The city ordinance under which this proceeding was instituted was approved on the 29th of June, 1869. It provides: "Section 2. That no person, or association or company of persons, or corporation, shall carry on in this city, in person or by agent, the business of any kind of insurance without a license for that purpose continuing in force." "Section 3. Each license required by this ordinance shall be issued to any person applying for the same, at the rate of $200 per year, but no license shall be issued for a shorter period than six months. *   * Any person who shall violate any of the provisions of this ordinance shall be prosecuted before the police justice of said city, and fined $200 for each offense."

The authority under which this power is sought to be derived for licensing insurance companies is contained in the forty-fifth subdivision of the first section of article IV of the city charter, passed in 1867, which provides that the mayor and city council shall have power within the city, by ordinance not inconsistent with any law of this State, "to license all insurance companies, banking corporations and banking associations." (Sess. Acts 1867, p. 45.)

When this charter was passed there was a special provision in the statute law relating to the taxation of foreign insurance companies in the city of St. Louis, which declared "that the agent or agents of any foreign insurance company doing fire, river or marine insurance business in the city of St. Louis, in addition to the tax on gross premiums as above provided for against such companies, shall also pay to the collector of the ward in said city in which the office of said agent is located, on or before the first day of February of each and every year, the sum of $100 for the use of said city, which sum shall be considered in full for and in room of all taxes and licenses which said city may possess the power to impose on such agencies; and such collector shall, upon such payment being made, issue to such agent or agents a license, in the name of the city of St. Louis, for the carrying on the business of such agency for one year, which license shall be

renewed from year to year, if demanded, and shall not be subject to any other taxation of any kind whatever by said city." (Wagn. Stat. 780, § 6.) A penalty and forfeiture is provided in case any agent or company refuses or neglects to comply with the law, or makes a false and fraudulent statement in relation to the business or condition of the company. (*Id*. 781, §§ 7–8.)

Two grounds are insisted on for a reversal of the judgment: first, that the general power given to license does not carry with it authority to impose a tax for revenue; and, secondly, that the terms employed in the charter did not operate as a repeal of the special statutory provision on the subject, but left the same in full force.

The first proposition will not be here noticed, as it will be examined in another case now under consideration. The second point is whether the charter repealed the special clause in the statute, so as to supersede it and give the city the power contended for.

It may be conceded as the settled doctrine that a subsequent statute, which is clearly repugnant to a prior one, and which is so clearly inconsistent that the two can not stand together, necessarily repeals the former one, although no express words of repeal are used. But it is equally well settled that the law does not favor the repeal of a statute by implication. A later statute, which is general and affirmative, does not abrogate a former which is particular, unless negative words are used, or unless the two acts are irreconcilably inconsistent. This is the general doctrine, and it has been often adjudged in this court. (Peters v. Renick, 37 Mo. 597; Vastine v. Probate Court, 38 Mo. 529; State *ex rel*., etc., v. Macon County Court, 41 Mo. 453; St. Louis v. Alexander, 23 Mo. 483.)

There is nothing irreconcilable between the general affirmative power as to licensing, contained in the city charter, and the special clause embodied in the statute. The one may well consist with the other. The special law prescribed a rate which may be carried out and enforced, and at the same time harmonize with the charter. Nothing is more common than to use general language in the enactment of a law, without any intention to impair or

abrogate special or particular laws on the same subject. Both acts are *in pari materia*, and must be construed together and made to operate unless irreconcilably repugnant. No repugnancy is perceived. The power is simply given to license, without specifying the terms, and the statute provision in force at the time comes in and prescribes the rate. They are, taken together, harmonious and consistent, and to hold that the clause in the charter repealed the statute law on the subject would be overturning a rule of construction too well established to be now overruled or shaken.

The judgment must be reversed. The other judges concur.