## MANKER v. FAULHABER *et al., Appellants.*

1. **Statutes : SEDALIA CHARTER : OFFICERS.** The provision of the charter of the city of Sedalia (Laws 1875, p. 295), authorizing the mayor, with the consent of the board of aldermen, to remove for cause from office any person holding an office created by the charter or ordinance, was not repealed by the act of the legislature of 1877 (Laws p. 346), providing for the removal from office or employment of persons who shall fail to personally devote their time to the performance of their official duties, or be guilty of any wilful, corrupt, or fraudulent violation or neglect of official duty.

2. **Statutes : REPEALS BY IMPLICATION.** A later statute will not repeal a former one by implication unless they are irreconcilably inconsistent, or it appears that the legislature intended the later act to take the place of the former one.

3. ——— : ———. Statutory repeals by implication are not favored.

*Appeal from Pettis Circuit Court.*—HON. J. P. STROTHER, Judge.

REVERSED AND REMANDED.

*W. S. Shirk* for appellants.

(1) It was error to permit the plaintiff to amend his petition, by striking out the allegation, "that, by the charter of the city of Sedalia, the said Faulhaber as mayor had power, with the consent of the other defendants as said board of aldermen, to remove from office, any person holding office created by charter or ordinance." Such amendment changed entirely the cause of action. *Field v. Maloney*, 78 Mo. 172, and authorities cited ; *Parker v. Rodes*, 79 Mo. 88 ; *Scoville v. Glassner*, 79 Mo. 450. (2) If the cause of action was not changed by the amendment, then the petition alleged one state of facts as the ground of recovery, while the

court permitted the plaintiff to recover upon another and different state of facts. This was error. *Bullene v. Smith*, 73 Mo. 151; *Ely v. Railroad*, 77 Mo. 34. (3) The court committed error in ruling that section 9, of the charter of the city of Sedalia (Sess. Acts 1873, p. 366, sec. 9), had been repealed by sections 1, 2 and 3, page 346, laws of 1877, the same being sections 3335, 3336 and 3337, Revised Statutes, 1879, and section 18, article 2, and section 7, article 14, of the constitution, and section 1 of schedule. It also committed error in giving the first instruction prayed by plaintiff and in refusing to give defendants' second instruction. Said section 9 of the charter is not inconsistent with any of said sections of the constitution. Said act of 1877 (now secs. 3335, *et seq.*) contained no repealing clause. Repeals by implication are not favored by the courts. *State ex rel. v. Macon Co.*, 41 Mo. 453; *City of St. Louis v. Ins. Co.*, 47 Mo. 147; *State ex rel. v. Severence*, 55 Mo. 378. A general later law does not repeal an earlier special one by implication. Maxwell on Stat. 212-13, *et seq.*; Sedgwick on Stat. and Con. Law [2 Ed.] 95, 123-4; *State ex rel. v. McDonald*, 38 Mo. 529; *State ex rel. v. Draper*, 47 Mo. 29; *City of St. Louis v. Ins. Co.*, 47 Mo. 147; Potter's Dwar. 154, note 4. "A special charter prevails over the general law." *Burke v. Jeffries*, 14 Iowa, 494; *Crane v. Reeder*, 20 Mich. 322; *Felt v. Felt*, 19 Wis. 193; *Cole v. Supervisors*, 11 Iowa, 552; *Matter of Curser*, 89 N. Y. 401; *People ex rel. v. Woods*, 91 N. Y. 616; *McKenna v. Edmonstone*, 9 N. Y. 1. "Repealing clause of inconsistent legislation in general law does not repeal a special act." *Whipple v. Christian*, 80 N. Y. 523; *Van Denburg v. Village*, 66 N. Y. 1; *In re Evergreens*, 47 N. Y. 216; *Bowen v. Lease*, 5 Hill, 225; *Village v. Howell*, 70 N. Y. 287; *People v. Quigg*, 59 N. Y. 83. "The repeal of a special law for a specific purpose must be express, or by words equivalent." *Cole v. Supervisors*, 11 Iowa; *Tyson v. Postlewaite*, 13

Ill. 727. "A general statute repealing all inconsistent acts, will not be held to repeal a clause in the charter of a municipal corporation." *State v. Brannin*, 3 Zab. 484; *Bank v. Bridges*, 1 Vroom, 112; *State v. Mills*, 5 Vroom, 177; *State ex rel. v. Sheridan*, 44 N. J. L. 371. At most the general law, and the said section of the charter, but provide different modes of procedure. The section of the charter is not repealed for this reason. *Mitchell v. Duncan*, 7 Fla. 13; *Randerberg v. Shelly*, 6 Ohio, 307, 316; Maxwell on Stats. 223 *et seq.*; *Wood v. United States*, 16 Peters, 342; *Henderson v. Tobacco*, 11 Wall. 652. With the above-mentioned general law of 1877 before it, the legislature retained in the revision of 1879, a special law providing for the removal of clerks from office. R. S., 1879, secs. 629 to 637 inclusive. And for the removal of coroners. R. S., sec. 5159. And of constables. R. S., sec. 653. And state treasurer. R. S., sec. 7593. And board of police commissioners in the city of St. Louis. R. S., sec. 7, p. 1530. And for the removal of officers in cities of the first class. R. S., sec. 4431. And in cities of the second class. R. S., sec. 4658. And in cities of the third and fourth classes. R. S., secs. 4848, 4961. (4) All four instructions given at plaintiff's instance are wrong, because they tell the jury, as a matter of law, that section 9 of the said charter stood repealed. The second is erroneous for the further reason, that it incorrectly defines the word malice, "as used in the pleadings." The petition charges actual or express malice. The instruction defines legal malice only. Defendants' first instruction should have been given. Cooley on Torts, 403, 379; *Pike v. McGowen*, 44 Mo. 491. Defendants' second instruction should have been given. If defendants acted in good faith, the plaintiff cannot recover. *Reed v. Conway*, 20 Mo. 22; *Pike v. McGowen*, 44 Mo. 491; *Schoetgen v. Wilson*, 48 Mo. 253; *McCutcheon v. Windsor*, 55 Mo. 149; Cooley on Torts, 376. Defendants'

twelfth instruction should have been given. 1 Suth. on Dam. 747 and note 1. Upon the theory that section 9 of the city charter has been repealed, defendants' eighth, ninth, and tenth instructions should have been given, and the fourteenth should have been given without amendment. *Hadley v. Mayor*, 33 N. Y. 603, 607; *School Dist. v. McCoy*, 17 Cent. Law Jour. 69 ; Cooley on Torts, 298, 299 ; *Glasscock v. Lyons*, 20 Ind. 1 ; *Douglass v. State*, 31 Ind. 429 ; *People v. Miller*, 24 Mich. 458; *State ex rel. v. Powell*, 44 Mo. 436, 440. Plaintiff's fourth instruction should not have been given. It is wholly unsupported by the evidence, and calculated to mislead. (5) The instruction given on plaintiff's behalf, by the court of its own motion, was radically wrong. In cases of the character of this, mere legal malice does not justify the giving of exemplary or vindictive damages. *Kennedy v. Railroad*, 36 Mo. 351, 354-5 ; *McKeon v. Railroad*, 42 Mo. 79, 87 ; *Franz v. Hilderbrand*, 45 Mo. 121 ; *Morgan v. Durfee*, 69 Mo. 478 ; *Joice v. Branson*, 73 Mo. 29 ; *Logan v. Railroad*, 77 Mo. 663 ; *Hamilton v. Railroad*, 53 N. Y. 25 ; 1 Sutherland on Dam. 17, 716, 720, 723, 724 ; Field on Dam., sec. 83 ; *Railroad v. Quigley*, 21 Howard, 214; *Endelman v. Transfer Co.*, 3 Mo. App. 503. (6) The damages assessed were flagrantly excessive. The value of plaintiff's unexpired term of office was only three hundred dollars. No other damage was shown. No express or actual malice was shown. The verdict was for twenty-nine hundred dollars.

*G. P. B. Jackson* for respondent.

(1) There was no error in permitting plaintiff to amend petition by striking out the clause quoted by appellants. R. S., sec. 3574; *State v. Shelby*, 75 Mo.

482; *Newham v. Kenton*, 79 Mo. 382; *Weber v. Hannibal*, 83 Mo. 262. Defendants waived the objection by amending their answer and proceeding with the trial. *Fuggle v. Hobbs*, 42 Mo. 541; *Scoville v. Glassner*, 79 Mo. 449, 454. (2) Section 9 of the charter of Sedalia was repealed by the act of 1877. Const. of Mo., art. 2, sec. 18; art. 14, sec. 7; Acts of 1877, p. 346. The new law should be regarded in the light of the constitutional requirement. *Rochester v. Barnes*, 26 Barb. 627. The new law introduced a new rule, and was intended as a substitute for former methods, and, therefore, operated a repeal by implication. *United States v. Tynen*, 11 Wall. 88; *Norris v. Crocker*, 13 How. 429; *Railroad v. Bradshaw*, 6 Ind. 146; *Weeks v. Walcott*, 15 Gray, 54; *State v. Wilson*, 43 N. H. 415; *Sacramento v. Bird*, 15 Cal. 294; Sedgwick Stat. and Const. Law [2 Ed.] 97 *et seq.*, and notes. The above rule has been applied by this court to the repeal of a special charter of a city. *State ex rel. v. Severance*, 55 Mo. 386. Also to special provision in the charter of a railroad company. *State ex rel. v. Barlow*, 72 Mo. 329. (3) There was no error in excluding said section 9 of the charter of Sedalia when first offered in evidence. It was not then admissible. Afterwards the defendants did read it in evidence, and had the benefit of it. (4) (*a*) The judgments in favor of Manker against the city of Sedalia were properly admitted in evidence. The matters involved in them were the same as in some of the charges preferred by defendants against plaintiff. (*b*) The report of the arbitrators was properly excluded. (*c*) It was proper to prove the financial condition of some of the defendants. *Clements v. Maloney*, 55 Mo. 352; *Dailey v. Houston*, 58 Mo. 361. The defendants could have shown that some of them were poor. 1 Suth. on Dam. 745. They cannot complain that they omitted to do so. (*d*) There was no error in excluding the evidence concerning the opinion in the prohibition case. The law

does not require circuit judges to file opinions. There was no proper evidence that any opinion was filed. (e) The court properly excluded parts of the deposition of Suess. His deposition did not show when he made any statements to the defendants. (f) The judgment in the libel suit was not *res adjudicata*, and was properly excluded. The parties were not the same as in the case at bar. The two cases were founded on different causes of action. Wells on Res Adjudicata, sec. 14. There was no identity of issues in the two cases. *Palmer v. Hussey*, 87 N. Y. 303-6-7. There was not certainty of the issue in the former case. Wells on Res Adjudicata, sec. 212. The removal from office, or the damage resulting therefrom, was not material to the libel suit. Such an issue could not properly have entered into it. Wells on Res Adjudicata, secs. 212-13-26 ; *Burlen v. Shannon*, 99 Mass. 202 ; *People v. Johnson*, 38 N. Y. 65 ; *Woodgate v. Fleet*, 44 N. Y. 13 ; *Campbell v. Consalus*, 25 N. Y. 613-16-17 ; *Packett Co. v. Sickels*, 5 Wall. 592 ; *Russell v. Place*, 94 U. S. 606-8 ; *Sweet v. Tuthill*, 14 N. Y. 465. Mere evidential facts, although controverted, are not issues, so as to constitute *res adjudicata*. Wells on Res Adjudicata, secs. 200-1-2 ; *King v. Chase*, 15 N. H. 14. The defendants did not properly offer to show that any evidence had been given on the former trial concerning the removal from office. The grounds upon which the court based its rulings are not stated. *Roussin v. Ins. Co.*, 15 Mo. 244 ; *Holmes v. Braidwood*, 82 Mo. 612. (5) Section 9 of the charter of Sedalia having been repealed, the defendants had no jurisdiction to try and remove the plaintiff. Having acted without authority, it was not necessary to show that they acted corruptly or without actual malice. *Pike v. Megoun*, 44 Mo. 496. They were bound to inform themselves as to the extent of their powers, and they must keep within their jurisdiction at their peril. Cooley on Torts, 416-20. (6) The court properly declared

the law. It was not necessary that ill will or hatred, *i. e.*, express malice, should exist to warrant exemplary damages. *Goetz v. Ambs*, 27 Mo. 28 ; *Buckley v. Knapp*, 48 Mo. 152. Such damages may be given when the acts complained of were committed under circumstances of wantonness, recklessness, oppression, or disregard of the rights of others, and the legal malice then justifies the exemplary damages. Wood's Mayne on Dam., chap. 3 and notes ; *Stoneseifer v. Sheble*, 31 Mo. 243 ; *Franz v. Hildebrand*, 45 Mo. 122 ; *Malecek v. Railroad*, 57 Mo. 17. Such damages may be given in cases of gross negligence, and are not restricted to cases of libel and assault and battery. Sedgwick on Meas. of Dam. [6 Ed.] note on pp. 566 *et seq.* The instructions must be considered together, and in so considering them the jury could not have been misled as to the law of the case. (7) The instructions prayed by defendants were properly overruled and amended. (8) The damages were not excessive. This court will not interfere on account of the amount of the verdict unless it clearly appears that the jury were influenced by passion or prejudice. In this case there is nothing to indicate any bias against the defendants. *Fallenstein v. Boothe*, 13 Mo. 429 ; *Wells v. Sanger*, 21 Mo. 354 ; *Freidenheit v. Edmundson*, 36 Mo. 231 ; *Stoneseifer v. Sheble, supra.*

BRACE, J.—This is an action for damages brought against the defendants, who were the mayor and aldermen of the city of Sedalia, for maliciously removing the plaintiff from the office of city collector of said city in the month of November, 1878. The answer admitted the removal of plaintiff from said office by the said defendant, George L. Faulhaber, mayor, by and with the consent of the other defendants, aldermen of said city ; denied all malice ; averred that such removal was for cause after due trial and justified their action. The answer set out the authority to them granted under the

provisions of an act of the General Assembly of the state of Missouri, entitled "An act to revise the charter of the city of Sedalia, in Pettis county," approved March 18, 1873 (Laws, p. 364), and "An act amendatory thereof," approved March 12, 1875 (Laws, p. 294), and contained a further plea of former recovery for the same cause of action. Under the instruction given by the court, the jury returned a verdict for plaintiff for twenty-nine hundred dollars. After an unsuccessful effort for new trial and to arrest the judgment, defendants bring this case here by appeal, assigning for error that the circuit court improperly permitted plaintiff to amend his petition by striking out a clause therein; admitted illegal evidence; excluded legal and proper evidence; refused proper, and gave improper instructions, and complain that the damages assessed are excessive.

I.   The petition contained this averment, "that, by the charter of said city of Sedalia, the said Faulhaber, as mayor, had power, with the consent of the other defendants, as said board of aldermen, to remove from office any person holding office created by charter or ordinance for cause." On motion of plaintiff, he was permitted to strike out this averment from his petition. Under our system of pleading, plaintiff's cause of action, if any he had, grew out of the statement of facts contained in his petition, and the relief granted must be based on those facts. This allegation contained no statement of fact; it was simply the averment of a legal conclusion, tendered no issue of fact, and striking it out in no way changed plaintiff's cause of action. It was just the same with or without that clause in the petition, and the court committed no error in permitting plaintiff to strike it out.

On the trial the defendants offered to read in evidence, in chief, section 9, of the charter of the city of Sedalia, being section 2, of an act entitled, "An act to revise the

charter of the city of Sedalia, in Pettis county, approved March 18, 1873, as amended by an act approved March 12, 1875.'' So much of said section as applies to this case, is as follows: ''The mayor * * * shall have power with the consent of the board of aldermen, to remove from office any person holding office created by charter or ordinance for cause, and on application of three-fourths of the board of aldermen he shall be compelled to remove any officer created by ordinance.'' Laws 1875, p. 295.

The court refused to permit it to be read and instructed the jury ''that, under the constitution and laws of Missouri, as they existed in November, 1878, the mayor and board of aldermen of the city of Sedalia had no legal right or authority to remove the plaintiff from the office of city collector of the city of Sedalia.'' This action of the court presents the vital question to be determined on this appeal. If the aforesaid act was not in force giving the mayor and board of aldermen such power, it was because it had been repealed by some act passed prior to November, 1878, and after the twelfth of March, 1875, and counsel for plaintiff contend that it was so repealed by an act approved April 23, 1877, entitled, ''An act to provide for the removal from office or employment persons who shall fail to personally devote their time to the performance of their official duties, or be guilty of any wilful, corrupt, or fraudulent violation or neglect of official duty.'' Laws 1877, p. 346.

Regarded in the light of the constitutional provisions contained in article 2, section 18, and article 14, section 7, constitution of 1875: Section 18, *supra*, provides, ''that no person elected or appointed to any office or employment of trust or profit under the laws of this state, or any ordinance of any municipality in this state, shall hold such office without personally devoting his time to the performance of the duties to the same belonging;'' and section 7, *supra*, provides that ''the

General Assembly shall, in addition to other penalties, provide for the removal from office of county, city, town and township officers on conviction of wilful, corrupt, or fraudulent violation or neglect of official duty."

Section 1 of the schedule provides, "that all laws in force at the adoption of this constitution, not inconsistent therewith, shall remain in full force until altered or repealed by the General Assembly. * * * The provisions of all laws which are inconsistent with this constitution shall cease upon its adoption, except that all laws which are inconsistent with such provisions of this constitution as require legislation to enforce them, shall remain in force until the first day of July, 1877, unless sooner amended or repealed by the General Assembly."

The act of 1877 (Laws, p. 346) contained no repealing clause; provided for the trial of officers charged with the offences stated in the section of the constitution quoted and in the title of said act, upon complaint verified by affidavit filed by the prosecuting officer, or upon complaint filed by such officer officially in the circuit court, and upon conviction authorized judgment by such court removing such officer from such office or employment. Such was the state of the law at the time the defendant, in November, 1878, was tried before the mayor and aldermen, and by them removed from his office for neglect of his duty as such officer, and other official misconduct. If said act repealed section 9 of the charter, it did so by implication. No extended citation of authorities is necessary in support of the few and familiar rules by which to determine whether it had that effect or not. The two statutes should be so construed as that both may stand if possible. Repeals by implication are not favored by the courts for cogent and sufficient reasons not necessary to repeat, and the prior law is to be upheld if the two acts may well subsist together. The charter act, conferring upon the mayor

and aldermen the power to remove a municipal officer in the city of Sedalia, is special and particular. The act of 1877, providing for the removal of such an officer by a proceeding in the circuit court, is general and affirmative, containing no words negativing the power conferred by the prior act. In order that the latter shall operate a repeal of the former, the two acts must be irreconcilably inconsistent, or it must clearly appear that the legislature intended by the latter act to prescribe the only rule that should govern in the case provided for. *City of St. Louis v. Alexander*, 23 Mo. 483; *Peters v. Renick*, 37 Mo. 598; *Vastine v. Probate Court*, 38 Mo. 529; *State ex rel. v. Macon County*, 41 Mo. 453; *St. Louis v. Insurance Company*, 47 Mo. 147; *State ex rel v. Severance*, 55 Mo. 378; Sedgwick on Stat. and Const. Law. (2 Ed.) 97, 107.

So far as the constitutional provisions are concerned, the act of 1873 is in no way inconsistent therewith or repugnant thereto. On the contrary, it is strictly in harmony with the letter and spirit of that instrument in respect to the subject-matter legislated upon, and was an enactment having in view the same purpose contemplated by the framers of the constitution, when they enjoined upon the legislature the duty of enacting laws providing for the removal of municipal officers for neglect of official duty, at the same time leaving to the legislature full discretion as to the nature and form of the proceeding by which that purpose was to be accomplished as well as the tribunal to be invested with the power to enforce its enactments upon that subject, and said act not being inconsistent with the provisions of the constitution, by the terms of the first clause of section 1 of the schedule, remained in full force until altered or repealed by the General Assembly; and it must be conceded that said act is not inconsistent or repugnant to the provisions of the act of 1877, so far as the purpose to be accomplished by each is concerned. The same offence is sought

to be punished and the same penalty is inflicted in each. In fact, in this respect it could not be inconsistent if the act of 1877 was passed for the purpose of carrying into effect the mandate of the constitution, with which we have found the act of 1873 to be in harmony, and such terms were used as were only necessary to effectuate that purpose, and if it is inconsistent at all, it is in the means provided by which that purpose is to be accomplished.

It is in the fact that the act of 1877 provides a different proceeding and a different agency to accomplish that purpose from those provided by the act of 1873. Both acts provide the same remedy for the same evil. The evil is an unworthy officer; the remedy is his removal. Under the act of 1873 the remedy is to be applied by a mayor and board of aldermen; under the act of 1877 by a circuit court. The inconsistency, if any, "hath this extent, no more." If these were both general acts, from such an inconsistency it would not necessarily be implied that the latter repealed the former act, since the remedy provided by the latter might well be held to be cumulative only in the spirit of the rule which requires that both statutes should stand if possible, for whilst in all cases there can be but one satisfaction required, yet there may be several remedies, and if there be several remedies there may be different tribunals to administer them unless some one tribunal is vested with exclusive jurisdiction. But the act of 1873 being a special and particular law, applicable alone to the city of Sedalia, and the act of 1877 a general law that may find a subject for its application in the case of every other city and town in the state where a similar special law is not in force, and where the circuit court might for that reason have exclusive jurisdiction in such cases, no such implication of repeal arises at all, since under these circumstances both the acts may well subsist together. On the face of these two enactments, read in the light of the provisions of the constitution of 1875, under the rules laid down, we

are led to the conclusion that it was not the intention of the legislature that section 9 of the charter of the city of Sedalia should be repealed by the general law of 1877, and that such general law did not have that effect.

To ascertain the intention of the law-making power is the end and aim of all rules of statutory construction, and when ascertained to give it effect, when not inconsistent with the organic law of the state, is the duty of all courts. To gather that intention, the courts are not confined exclusively to the consideration of the immediate statute in question, but may look to other legislation *in pari materia.* If we do so in this case we find that the same General Assembly that passed the act of 1877, also enacted a general law for the classification and future municipal government of the cities of the state, dividing them into four classes (Laws 1877, page 42, *et seq.*) and in every instance gave the mayor and council of the cities in each class power to remove city officers for cause in substantially the same terms as such power was granted to the mayor and aldermen of the city of Sedalia in section 9 of its charter, and thereby repealed all acts and parts of acts inconsistent with said act. This law was approved May 19, 1877. Surely, in the light of this enactment, passed twenty-five days after the enactment of the law in question, which was approved April 23, 1877, at the same session, it cannot be said it was the intention of the General Assembly that municipal officers should be removed in the manner and by the authority provided for in the act approved April 23, 1877. In other words, that the circuit court should have exclusive jurisdiction of such removals.

On the contrary, their intention evidently was that such power, where it had been granted to administrative authorities of municipalities, should remain there, and as municipalities came under the general laws of incorporations provided for that purpose, each, to whatever class it might belong, should have the same power vested

in the authorities charged with the administration of its affairs; a policy to be commended as wise and salutary, since without such power, incapable, dissipated, or fraudulent officials might imperil and bankrupt the municipal government in the sight and knowledge of the authorities to whose guardianship its interests had been committed, and who would remain powerless to check summarily the career of such official, compelled to "lay on their oars" until he had worked his will, and until the slow-recurring terms of the circuit court afforded an opportunity for his removal, after all the mischief had been done and the injury become irreparable.

The court committed error in holding that, under the constitution and laws of the state of Missouri, as they existed in November, 1878, the mayor and board of aldermen of the city of Sedalia had no legal right or authority to remove the plaintiff from the office of city collector of said city, and in so instructing the jury for the plaintiff and in refusing to instruct them as asked in the defendants' instructions, based upon the opposite theory. This erroneous theory of the court runs through the whole trial; it appears in the admission and exclusion of evidence, in the instructions given and in the refusal to give instructions asked, and is so intimately blended with its action in the whole case as to not only involve nearly all the legal propositions raised upon the record within the shadow of that error, but had the effect of so presenting the issue made by the pleadings to the jury as that a verdict reasonably responsive thereto was not to be hoped for. This must necessarily work a reversal of the case, and as, upon a retrial upon the simple issues presented in the pleadings, it will be no difficult matter to present the case to the jury in its proper aspect, we deem it unnecessary to pass upon the other points urged as ground for reversal.

Judgment reversed and cause remanded. All concur.