HERMAN DETERS, Plaintiff in Error, v. ROBERT M. RENICK, Defendant in Error.

*Mechanics' Liens—St. Louis County.*—The special act relating to mechanics' liens in St. Louis county (Sess. Acts 1857, p. 671) is not in conflict with, and does not repeal, the provisions of the 10th section of the general statute upon the same subject (R. C. 1855, p. 1068), and the provisions of that section are applicable to liens in said county.

*Error to St. Louis Circuit Court.*

*G. A. Finkelnburg*, for plaintiff in error.

The repealing clause in the act of February 14, 1857, is a limited one ; it expressly excepts such parts of former acts as are not contrary to, or inconsistent with, the provisions of this act.

The remedy afforded by the 10th section of the act of 1855 is the only express provision of law for cases of this kind. The St. Louis act makes no mention of it, and contains nothing inconsistent with such a remedy ; on the contrary, the right itself is expressly recognized by the 1st section, which confers two distinct liens, one upon the building, and one upon the ground—Act 14th February, 1857, § 1.

The St. Louis act does not exhaust the subject, but is supplementary in its character—Schulenburg v. Gibson, 15 Mo. 281. In that case the same point arose under the special St. Louis county act of 1843, respecting mechanics' liens, and the court gave effect to the general law of 1845 in regard to a remedy not provided for in the special law of 1843. It will be noticed, that the repealing clauses in the special laws of 1843 and 1857 are identically the same—Wibbing v. Powers, 25 Mo. 599, where the same doctrine is laid down.

Implied repeals are not favored in the law—White v. Johnson, 23 Miss. (1 Cush.) 68 ; Casey v. Harned, 5 Clark, Iow. 1 ; Hockaday v. Wilson, 1 Head, Tenn. 14 ; Erwin v. Moore, 15 Ga. 361.

Where an act of the Legislature repeals laws, and parts of laws, militating against the act, a prior statute is repealed only to the extent of its conflicting provisions—Elrod v. Gilliland, 27 Ga. 467.

*Lackland, Cline & Jamison,* for defendant in error.

It will be noticed, upon comparing the sections of the two acts, that six of those in the act of 1857 are precisely the same as six of those in the act of 1855 ; these are §§ 13, 14, 15, 16, 17 and 19 of the act of 1855, which are severally the

same as §§ 8, 9, 10, 11, 12 and 14 in the act of 1857. So § 18 of the act of 1855 is the same as § 13 of the act of 1857, with an immaterial variation.

It will also be noticed that § 5 of the act of 1857 is similar in terms and in its provisions to § 10 of the act of 1855, being the one upon which the plaintiff relies. But the 5th section does not adopt the whole of the 10th section in the act of 1855 ; but that provision of the 10th section upon which plaintiff relies, is not included, adopted, or mentioned, in any part of the act of 1857.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff filed his lien in the St. Louis Land Court, upon a building belonging to one R. F. Bridwell, for materials furnished. He aftewards obtained judgment, in the same court, for the value of the materials, amounting to the sum of two hundred and eighteen dollars and sixty-seven cents, upon which execution issued, and the sheriff sold the building at public vendue, and the plaintiff became the purchaser thereof. The ground upon which the building was erected had been conveyed by deed of trust, prior to the filing of plaintiff's lien, and was subsequently sold at trustee's sale to the defendant, who entered into the possession of the premises. The defendant refusing to allow plaintiff to enter on the premises for the purpose of removing the building, this proceeding was instituted by plaintiff, in conformity with the 10th section of the law respecting mechanics' liens (2 R. C. 1855, p. 1068), to enforce his rights. The court sustained a demurrer to the petition, on the ground that the 10th section of the general law was repealed and superseded by the law of 1857 for the securing of liens on buildings to mechanics and others, and especially applicable to St. Louis county.

The only question to be determined in this case is, whether a party in St. Louis can pursue his remedy under the 10th section of the general law relating to mechanics' liens, or whether that section is repealed or rendered inoperative by the special law of 1857. By § 20 (Laws of 1857, p. 671),

"all acts, or parts of acts, contrary to, or inconsistent with, the provisions of this act, so far as the same apply to the county of St. Louis, are hereby repealed." From the language here used, it clearly appears that it was not the intention of the Legislature to repeal the whole law, but only such parts as were contrary to, or inconsistent with, the special law. There is nowhere in the special law any provision substituted for the 10th section, nor is there anything repugnant to it; and whilst the law is complete so far as it goes, there is nothing to supply the object for which the 10th section was designed. The section is not repealed in express terms, and it will not be construed as repealed by implication, unless it is so repugnant to the special law as to be wholly irreconcilable. No such repugnancy is perceived to exist.

The judgment is reversed, and the cause remanded.

Judge Holmes concurs; Judge Lovelace absent.