| | |
|---|---|
| 71 | 631 |
| 33a | 517 |
| 71 | 631 |
| 99 | 185 |
| 71 | 631 |
| 65a | 659 |

THE STATE v. BOOGHER, *Plaintiff in Errror.*

1. **Common Law, Converted into Statutory Offense**: REPEAL OF COMMON LAW. When an act which previously was an offense at common law only is declared by statute to be an offense, and a punishment is prescribed for it, the common law on the subject is repealed.

2. **Repeal of Law after Commission of Offense.** Sections 1675 and 3151 of the Revised Statutes, continue the liability to prosecution and punishment, of one who has been guilty of an offense against the law, notwithstanding a repeal of the law after the commission of the offense, only when the offense is one defined by statute, and the statute is repealed, not where it is one existing at common law only, and the common law is repealed by the enactment of a statute.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Marshall & Barclay* for plaintiff in error.

HENRY, J.—The defendant was indicted in the St. Louis court of criminal correction for a libel.   He was tried and convicted, and a judgment was rendered against him December 22nd, 1879, from which he appealed to the court of appeals, where the judgment was affirmed, and from that judgment he has appealed to this court.   Prior to the revision of the statutes in 1879, libel was a common law offense and only punishable as such.   It was first defined as a statutory crime by sections 1591 and 1592, and the punishment prescribed by section 1644 of the Revised Statutes of 1879.   These sections took effect from and after the 1st day of November, 1879.   By section 3151 of the revision of 1879 : "No offense committed, and no fine, penalty, or forfeiture incurred, previous to the time when any statutory provision shall be repealed, shall be affected by such repeal; but the trial and punishment of all such offenses and the recovery of such fines, penalties and forfeiture shall be had in all respects, as if the provision had remained in force."   Section 1675 of that revision is as follows : "No offense committed and no fine, penalty or forfeiture incurred or prosecution commenced or pending previous to or at the time when any statutory provisions shall be repealed or amended, shall be affected by such repeal or amendment; but the trial and punishment of all such offenses, and the recovery of such fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except that all such proceedings shall be conducted according to existing laws; provided, that if the penalty or punishment for any offense be reduced or lessened by any alteration of the law creating the offense, such penalty or punishment shall be assessed according to the amendatory law."

The common law on the subject was repealed by sections 1591, 1592, 1593 and 1644 ; 10 Pick. 37 ; 11 Pick. 350 ;

21 Pick. 373; 13 Allen 581; *United States v. Tynen*, 11 Wall. 89; *State v. Slaughter*, 70 Mo. 484.

There is no provision of the Revised Statutes which continues the liability to prosecution and punishment of one who had previously committed the common law offense. The above sections, 1675 and 3151, only relate to statutory offenses. The repeal of the common law without any saving clause as to offenses already committed, released him from liability for its violation, and the prosecution commenced prior to the revision for a libel committed before the 1st day of November, 1879, could not be sustained. "It is clear," said C. J. Shaw, in *Comm. v. Marshall*, 11 Pick. 351, "that there can be no legal conviction unless the act be contrary to law at the time it is committed; nor can there be a judgment unless the law is in force at the time of the indictment and judgment. If the law ceases to operate by its own limitations, or by a repeal at any time before judgment, no judgment can be given." As the decision of this question adversely to the State, leads to a reversal of the judgment and the discharge of the defendant, it is unnecessary to consider the other questions argued by counsel in their briefs. The judgment is reversed. All concur.