STATE OF MISSOURI, EX REL. M. A. ROSENBLATT, Plaintiff
in Error, *v.* WESLEYAN CEMETERY ASSOCIATION, Defend-
ant in Error.

### March 21, 1882.

1. Real estate used as a cemetery is not properly assessed for taxes.
2. The constitution of 1865 (art. XI., sect. 16) did not withdraw existing exemptions from taxation granted by the legislature.
3. A general statute does not repeal a prior special statute or prior particular provisions of a statute, unless express reference is made thereto, or unless there is an irreconcilable inconsistency.
4. An exemption from taxation contained in a charter, though granted subject to legislative power to amend or repeal, was not repealed by the constitution of 1865.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*

M. B. JONAS, for the plaintiff in error.

CLINE, JAMISON & DAY, for the defendant in error.

THOMPSON, J., delivered the opinion of the court.

This case presents in part the question considered in the case between the same parties. *Ante*, p. 560. It is a suit for back taxes assessed against the same property of the Wesleyan Cemetery Association as in the preceding case, for all the years from 1866 to 1876, inclusive.

With regard to the taxes of 1876, the question is concluded by our decision in the previous case. These taxes were assessed subsequent to the adoption of the constitution of 1875, which, by its terms (Art. X., sect. 6), exempts cemeteries from taxation. The proof shows that this land was used as a cemetery in the year 1876 ; the circuit court judge, sitting as a jury, so found ; and therefore the question as to the taxes of that year is out of the case ; the plaintiff cannot recover for them.

But the taxes for the years 1866 to 1875, inclusive, are

claimed on a different ground.   The constitutional provision above quoted was not then in force, and there was no general law under which the defendant claims exemption for those years.   It appears, however, that the defendant corporation was created by a special act of the legislature, approved February 28, 1851.   This act empowers it to purchase and hold land not exceeding two hundred acres, to be appropriated and used for a cemetery or burying-ground; and it provides that "said cemetery and all lots, erections, and improvements thereon are hereby declared exempt from all assessments and taxes, so long as the same shall remain dedicated to the purposes of a cemetery."   The evidence leaves no room to question that the land against which these taxes were assessed was purchased, laid out, and, during the years in question, used as a cemetery by the defendant corporation, acting in pursuance of the powers thus granted to it.   It was therefore exempt from the burden of these taxes unless something further appears to show that the statute had been repealed.

The charter was granted subject to the provisions of the Revised Statutes 1845, chapter 34, section 7, which reserved to the legislature the power to alter, amend, or repeal every charter which it should thereafter grant.   This being so, no question of corporate immunity from legislative interference under the constitution of the United States, as interpreted in the case of *Dartmouth College* v. *Woodward*, arises.   The only question is, has this grant of immunity from taxation been repealed.

The plaintiff urges that it has been repealed by the terms of the constitution of 1865, Article XI., section 16, which provides that "no property, real or personal, shall be exempt from taxation, except such as may be used exclusively for public schools, and such as may belong to the United States, to this state, to counties, or to municipal corporations within this state."   The contrary of the plaintiff's position was decided by this court in the case of

*Barry* v. *Wesleyan Cemetery Association* (10 Mo. App. 587), upon the authority of the decision of the supreme court, in *Scotland County* v. *Railroad Company* (65 Mo. 135). It was there held that this constitutional provision was prospective, and not retrospective, in its operation, and did not operate to disturb existing exemptions made by the legislature.

But it is also suggested that this exemption was repealed by the legislature in the general revenue law of 1865. The first section is as follows : " For the support of the government of the state, the payment of the public debt, and the advancement of the public interest, taxes shall be levied on the following persons and objects : All male persons over the age of twenty-one and under fifty years, and on all property, real and personal, except as stated in the next section." Gen. Stats. 1865, chap. 11, sect. 1. The second section simply enumerates the subjects of exemption from taxation, and is nothing more than an enlargement of the constitutional provision above quoted, and was evidently designed to carry it into effect. Upon a well-settled rule of statutory construction, these provisions do not operate to repeal the special exemption contained in the defendant's charter. The rule is but an application of the maxim, *generalia specialibus non derogant. Earl Derby* v. *Commissioner*, L. R. 4 Exch. **222** ; *Fitzgerald* v. *Champenys*, 2 Johns. & Hem. 31, 53, 54 ; Jenk. Cent. 120. The rule 'is variously stated. In its application to special provisions in a prior *general* statute, it is said that a general enactment in a later statute does not repeal a particular enactment in an earlier statute, unless the intention to do so is manifest, or the implication is irresistible. *Conservators* v. *Hall*, L. R. 3 C. P. 415. As applied to prior *special* acts, the rule is said to be, that a general statute does not repeal or affect a prior special statute, unless it expressly refers to the same. *Fitzgerald* v. *Champenys*, 2 Johns. & Hem. 32, 53, 54. And, as was well said by Sir W. Page Wood : " The

reason in all these cases is clear. In passing the special act, the legislature had their attention directed to the special case which the act was meant to meet, and considered and provided for all the circumstances of that special case ; and, having done so, they will not be considered, by a general enactment passed subsequently, and making no mention of such intention, to have intended to derogate from that which, by their own special act, they had thus carefully supervised and regulated." *Ibid.* Professor Pomeroy, in a note to his edition of Sedgwick on Statutory and Constitutional Law, states the rule in a more comprehensive manner, thus : "A general affirmative statute does not repeal a prior particular statute, or prior particular provisions of a statute, unless negative words are used, or unless there is such irreconcilable inconsistency as indicates an intention of the legislature to repeal." Sedgw. on Stat. & Const. Law (2d ed.), 98, note. Our supreme court has frequently recognized and acted upon the rule. *St. Louis* v. *Alexander*, 23 Mo. 483, 508 ; *The State ex rel.* v. *Mc-Donald*, 38 Mo. 529 ; *Deters* v. *Renick*, 37 Mo. 597 ; *The State ex rel.* v. *Macon*, 41 Mo. 453. It has been applied in other jurisdictions to the very subject we are here considering ; and it has been held that a law imposing a general tax upon all lands in the state or kingdom, does not repeal a prior special law, creating, on behalf of a particular corporation, an exemption from taxation. *Williams* v. *Pritchard*, 4 Term Rep. 2 ; *The State* v. *Minton*, 23 N. J. L. 529. To the same effect is *Blain* v. *Bailey*, 25 Ind. 155. It will be perceived the terms of the statute we are considering, bring it within the rule as stated by Mr. Sedgwick and Professor Pomeroy. No negative words are used. Both of the sections contain only affirmations — the first, of a general rule of taxation ; the second, of certain exemptions.

If it is necessary for us to say anything more in this case, we will say this. This suit is brought, not only to collect state taxes, but also county, city, and school taxes. The

third section of the statute of 1865, which we are now considering, expressly exempts " cemetories and graveyards " from taxes, in the following words : " No tax shall be assessed or imposed by any city, county, or other municipal corporation, or for their use, upon the following property, when the title thereto is vested in a corporation duly organized under the laws of this state, or in the trustees, curators, or directors thereof ;   *   *   *   second, cemeteries and graveyards set apart and used for that purpose only." Rev. Stats. 1865, chap. 11, sect 3.

The circuit court, therefore, rightly held that this property was exempt from taxation for the years named, and that the plaintiff could not recover. The judgment is affirmed. All the judges concur.