Young v. The Kansas City, St. J. & C. B. Ry. Co.

JOSEPH H. YOUNG, Respondent, v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 4, 1889.

1. **Common Carriers:** STATUTORY AND COMMON-LAW LIABILITIES OF: REMEDY. Where a new right, or the means of acquiring it, is conferred, and an adequate remedy for its invasion is given by the same statute, parties injured are confined to the statutory redress, but the right secured by article 3, chapter 21, Revised Statutes, is not a new right, as the common carrier has always been obliged to carry freight for a reasonable charge, and it has always been the right of the shipper, at common law, to recover back any excess beyond a reasonable charge.

2. **Common Law, Repeal of:** HOW EFFECTED. A statute law and the common law may alike be repealed; (1) by a repealing clause; (2) by such repugnance that the two laws may not, in reason, both stand; (3) by a revision of the whole subject-matter of the former law which is evidently intended as a substitute for it. The two latter, being repeals by implication, are not favored, yet the courts are steadily and unhesitatingly applying and enforcing these rules whenever their terms cover the case in hand.

3. **Common Carriers:** COMMON-LAW LIABILITY OF, REPEALED. Article 3, chapter 21, Revised Statutes, 1879, concerning railroad classification and charges, repeals the common law, under the second, certainly at least, under the third, reason set out above: and a common-law action cannot be maintained in this state to recover the excess of overcharges exacted by it.

4. **Pleading:** PETITION BASED ON STATUTE: LIMITATION. The petition in this case is examined and found to compass every test of a statutory action, and it is *held* that the plea of the three-year statute of limitations constitutes a bar, and the case must be adjudged against plaintiff though the common law be not repealed.

*Appeal from the Atchison Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED AND REMANDED.

*Huston & Parrish*, for appellant.

The cause of action stated in the original petition in this case was for a penalty and was barred in three years. R. S. 1879, secs. 3231, 547; *Revelle v. Railroad*, 74 Mo. 438; *Barnett v. Railroad*, 68 Mo. 58; *Cummings v. Railroad*, 70 Mo. 570; *Rea v. Railroad*, 84 Mo. 345; *Edwards v. Railroad*, 66 Mo. 567; *Carey v. Railroad*, 60 Mo. 209; *Herriman v. Railroad*, 9 Am. & Eng. R. R. Cases, 339; *State v. Railroad*, 32 Fed. Rep. 725. The so-called amended petition was statutory—counted on the statute, stated every fact essential to a statutory recovery. The only difference was in the prayer. In such case, the plea must be to the statement of facts constituting the cause of action—not to the prayer. To such statement of facts in the so-called amended petition, the plea of the statute of limitations was a complete bar, and the lower court erred in sustaining a demurrer to such plea. G. S. 1879, sec. 3683; *Saline County v. Sapington*, 64 Mo. 72; *Comings v. Railroad*, 48 Mo. 512–17; *Easley v. Prewitt*, 37 Mo. 361; *Northcraft v. Martin*, 28 Mo. 469; *Kneal v. Price*, 21 Mo. App. 295; *Railroad v. Freeman*, 61 Mo. 80; *Hewett v. Harvey*, 46 Mo. 368; *Marquat v. Marquat*, 2 Kern. [12 N. Y.] 336. The petition counting on the statute, no recovery could be had at common law. *Luckie v. Railroad*, 67 Mo. 245; *Wood v. Railroad*, 58 Mo. 109; *Collins v. Railroad*, 65 Mo. 230; *Edwards v. Railroad*, 66 Mo. 567.

*Osborn, Dopf & Raines, Crosby, Rusk & H. S. Kelly*, for respondent.

(1) The original and the amended petition each stated facts, the same in each, sufficient to constitute a cause of action at common law for the recovery by plaintiff of the money wrongfully taken, and also entitling him to the penal redress prayed for in the original

petition, provided it was not barred by the three-years statute of limitations. *Graham v. Railroad*, 53 Wis. 473; *Parker v. Railroad*, 7 Mann. & G. 253; *Transportation Co. v. Sweetzer*, 25 W. Va. 434; *Smith v. Railroad*, 5 N. W. Rep. 240; *Railroad v. Steiner*, 61 Ala. 595; *Railroad v. Coal Co.*, 79 Ill. 121; *Railroad v. Pattison*, 41 Ind. 312; *Heiserman v. Railroad*, 63 Ia. 732. (2) The statement in the amended petition of facts that might have entitled plaintiff to penal redress did not constitute the action a statutory one in any sense, since no statutory relief was asked, the amendment having been made for the sole purpose of disclaiming any benefit under the statute; the particulars and circumstances attending the taking of the money were set forth for the purpose merely of showing that the act complained of was wrongful and that the action was founded in tort. *Graham v. Railroad*, 53 Wis. 482; *Heiserman v. Railroad*, 63 Iowa, 732.

*Huston & Parrish*, in reply, for appellant.

This legal heresy in the position assumed by respondent arises from several false premises. First, that a common-law extortion can co-exist with the statutory extortion. Our claim is that the statute covers the whole ground formerly covered by the common law —it supersedes the common law. *Hickman v. Pinckney*, 81 N. Y. 211–215.; *Daviess v. Fairbaien*, 3 How. [U. S.] 636; *Norris v. Crocker*, 13 How. [U. S.] 429; *State v. Slaughter*, 70 Mo. 484; *State v. Boogher*, 71 Mo. 631; *State v. Bittinger*, 55 Mo. 596. The great weight of authority as well as reason is to the effect that where a statute creates a new duty and provides a remedy by penalty or otherwise, for any private wrong caused by a breach of such duty, then there is no other remedy than that provided by statute. *Camden v. Allen*, 2 Dutch. 398; *Victory v. Fitzpatrick*, 8 Ind.

Young v. The Kansas City, St. J. & C. B. Ry. Co.

281; *McCarmick v. Railroad*, 9 Ind. 283; *Commonwealth v. Garrignes*, 28 Pa. St. 9. This is the well-settled rule of law in our state. *Lindell v. Railroad*, 36 Mo. 543; *Soulard v. City*, 36 Mo. 546. The same rule is applied in criminal cases. *State v. Bittinger*, 55 Mo. 596; Sedg. on Const. Stat. and Const. Law [ 2 Ed. ], 76–7; *Slate v. Bittinger*, 55 Mo. 596; *Jessup v. Carnegie*, 80 N. Y. 442; *Dudley v. Mayhugh*, 3 N. Y. 15.

ELLISON, J.—On the thirtieth day of September, 1887, the plaintiff filed an amended petition in this cause, the first count of which is as follows, to-wit :

"For cause of action plaintiff states, that at the times hereinafter mentioned, the defendant was and that it still is a corporation, owning, operating and managing a certain railroad in the state of Missouri, extending from the town of Watson to the City of Kansas in said state ; that on or about the seventeenth day of May, 1883, plaintiff, delivered to defendant at Watson, a station on defendant's railroad, in Atchison county, Missouri, to be carried, and defendant did carry for plaintiff one other load of live stock, to-wit, hogs, from said Watson, Missouri, to the City of Kansas, in said state of Missouri, over said railroad, owned, operated and managed by defendant as aforesaid ; that the distance between the two places last mentioned was more than one hundred and twenty-five miles, and less than one hundred and thirty-eight miles ; that the rate prescribed by sections 833 and 834 of the Revised Statutes of the state of Missouri, for carrying said car-load of hogs, shipped as aforesaid, was not exceeding ten dollars for the first twenty-five miles, and not exceeding seven dollars for the second twenty-five miles, and four dollars for each additional twenty-five miles or fractional part thereof, unless the fraction be less than thirteen miles, then not exceeding two dollars for such fractional part per car-load, which was the highest rate that defendant was entitled by law to charge for said shipment,

and amounted to the sum of thirty-one dollars ; that said defendant wrongfully refused to receive and carry said car-load of hogs, as aforesaid, for said sum of thirty-one dollars, but wrongfully exacted and demanded that plaintiff should pay for said shipment, as the only terms upon which defendant would receive and ship said car-load of hogs as aforesaid, the sum of forty dollars, which said terms plaintiff was compelled to and did accept, under protest and against his will, in order to induce defendant to carry said car-load of hogs as aforesaid, and plaintiff was compelled to and did pay to defendant the sum of forty dollars for carrying said car-load of hogs as aforesaid, being in excess of the legal rate and amount defendant was entitled to, the sum of nine dollars, which said sum of nine dollars plaintiff demanded of defendant, but defendant refused and still refuses to pay same to plaintiff.   Wherefore, plaintiff demands judgment for nine dollars, and for other proper relief.''  There were several other like counts, except they were based on different shipments.   Plaintiff had judgment below and defendant appeals.

Defendant interposed by answer, among other things, the plea of the statute of limitations, that the action had not accrued within three years.   A demurrer to this plea was sustained, and this action of the trial court brings up the principal question in the case. The cause of action accrued to plaintiff within five years, but did not accrue within three years.   So if the action is based on the statute, it being of a penal character, the three-years limitation applies to the case ; if it is not so based, five years is the limit.

Defendant's contention is double :   (1) That the statute has repealed the common law and the only remedy for an overcharge by a carrier is that given by the statute ; (2) that whether this be true or not, the petition is, as a matter of fact, bottomed on the statute. It was also incidentally urged by defendant that the

statute created a new duty and fixed a penalty for a violation or non-performance thereof, and that the remedy for the enforcement of this penalty was exclusive. It is undoubtedly true, that, "where a new right, or the means of acquiring it, is conferred, and an adequate remedy for its invasion is given by the same statute, parties injured are confined to the statutory redress." Sedgwick on Statute Law, 76 ; *State v. Bittinger*, 55 Mo. 596. But the right secured by the statute we are considering is not a new right. The common carrier, by reason of his relations and duty to the public, has always been obliged to carry freight for a reasonable charge, and it has always been the right of a shipper, at common law, to recover back any overcharge or excess, beyond reasonable compensation. We must therefore look to some other reason to sustain the defense of this cause. A statute law and the common law may be repealed in the same way, under like conditions. *Smith v. State*, 14 Mo. 111 ; *Commonwealth v. Cooley*, 10 Pick. 37 ; *State v. Wilson*, 43 N. H. 415. There are three ways in which this may be done : First, by a repealing clause ; second, by such repugnance that the two laws may not, in reason, both stand ; third, by a revision of the whole subject-matter of the former law which is evidently intended as a substitute for it. The two latter are repeals by implication and are not favored by the law, yet the courts are steadily and unhesitatingly applying and enforcing these rules whenever their terms cover the case in hand. These modes are universally recognized, yet in their application, there has not been uniformity of opinion in cases substantially alike.

I. In my opinion, article 3, chapter 21, Revised Statutes, 1879, concerning railroad classification and charges, repeals the common law, if not under the second, certainly, at least, under the third; reason set out above. By the last clause of section 834, charges are to be made from distances computed from the point

where the freight is received in this state, notwithstanding it may pass through the hand of several carriers. By the common law, in passing on the reasonableness of a charge, the distance that particular carrier had carried the freight would only be considered.

Again, section 835 declares that the carriers shall not recover more than the charges specified, though more might be reasonable under the common law. It furthermore declares that a carrier shall not recover any compensation in any case of overcharge, whereas at common law he could recover what was reasonable, notwithstanding the overcharge; and a party defending on the ground of overcharge would have to pay to the carrier all over the excess claimed. In these respects the two laws are repugnant, and the provisions in these respects cannot stand together.

But however the matter of repugnance may be considered, the legislature, it seems to me, has revised the whole subject of the carriage of freight and has evidently intended that the provisions of the statute shall be a substitute for the common law on this subject, this being, as we have said, one of the frequent ways in which a repeal may be had. *State v. Roller*, 77 Mo. 120; *Norris v. Crocker*, 13 Howard, 429; *United States v. Tynen*, 11 Wall. 88; *United States v. Claflin*, 97 U. S. 546.

The statute, though more specific, covers the *same matter* as the common-law, and provides minutely for all questions which may arise concerning compensation for the transportation of freight. Sedgwick on Statute Law, page 76, says that sometimes "doubts will arise as to whether the statute does or does not intend to take away the common-law remedy; and the answer will depend upon the subject-matter." He illustrates this statement by drawing on the case of *Salem v. Hays*, 5 Cush. 458, where it is said that if a person should be guilty of certain injuries by breaking down gates or digging up earth, should pay a fine of fifty dollars, the common-law remedy for such injury would remain, upon

the ground that the penalty would in many cases be inadequate to the injury.

The subject-matter in question here is the charge which a carrier may make for the transportation of freight. If it is apparent that this whole matter has been made the subject of statutory law, then it must follow, under the authorities cited and the rules therein announced, that the statute was intended as a revision of, or a substitute for, the common law. The freights are classified and the rates of charges prescribed, together with a remedy which in *no case* can be inadequate, for the provision of the statute is, that the shipper may recover not only the excess which he has paid, but three times the excess. This statute is not like those which provide for the recovery of a stated penalty which may, or may not, be sufficient in amount to afford the shipper adequate redress. Thus a penalty of two hundred dollars would not afford adequate redress to a shipper who had paid five hundred dollars in excess of the legal rate. This statute is like that mentioned in *Wiley v. Yale*, 1 Met. 553, where the court says that, "being an action given to the party aggrieved only, is rather in the nature of a remedial suit ; though by allowing a plaintiff to recover three-fold of the amount of the interest paid, the legislature intended to give an ample and liberal remedy to the party aggrieved, and at the same time, that the judgment should, in its character, be exemplary, and to a certain extent penal." In Michigan, the statute on usury provided that "the party paying the usurious interest may recover back three-fold the amount of the excess of interest paid, in an action of debt ; provided such action shall be prosecuted within one year from the time when such interest shall have been paid." And it was held that this statute superseded the common law and gave the only remedy to the complaining party. *Thurston v. Prentiss*, 1 Manning, 193. So under a Massachusetts statute like that of Michigan it was held that an action of trespass on the case would not lie. *Wiley*

*v. Yale, supra.* In *Crosby v. Bennett,* 7 Met. 17, in considering a question on the same statute, the court said that, so far as it affords a remedy to recover back money wrongfully taken, it is a substitute for the remedy at common law. "If, therefore, a party might waive the statute remedy, and sue at common law, he would avoid the provision limiting such action to two years from the payment, contrary to the manifest intent of the legislature and the policy of the law."

In *United States v. Claflin, supra,* where it is held that if a later statute is intended as a substitute for a former statute it operates as a repeal, an illustration, taken from an English case, is given, where an act imposing a penalty of 200 £, upon the undertaker of any gas-works for fouling any stream, etc., to be recovered by the person into whose water the foul substance should be conveyed, was held to repeal by implication a former act describing the same offense and imposing the same penalty, to be sued for by any common informer, the two penalties being held not to be cumulative. So in this state it was held, in an opinion by HENRY, J. (*State v. Boogher,* 71 Mo. 631 ), that sections 1591, 1592, 1593, and 1644, Revised Statutes, 1879, repeal the common law of libel in this state, and some of the authorities there relied upon are those I have cited here. As before remarked, that, while the rule I have adverted to is nowhere disputed, there is not full accord in its application. Two cases, much relied upon by plaintiff's counsel as authority in his behalf, are *Graham v. Railroad,* 53 Wis. 473, and *Heiserman v. Railroad,* 63 Iowa, 732. The first of these cases contains much refined reasoning, some of which does sustain the theory advanced by counsel at the argument, but the point of decision in that case is not involved in the controversy here. That case simply determined that, where under a statute regulating carriage of freight and prescribing penalties and remedies for overcharges to shipper, a shipper had been overcharged and had demanded back

the excess and was refused, that the repeal of the statute would not prevent the shipper from recovering on a petition stating the facts, and setting out the statute under which his right accrued and matured. The point of decision is, that as the right of action had accrued to the shipper on account of money having been wrongfully extorted from him under the then existing law, he could recover it back notwithstanding the repeal of the law. The Iowa case was a common-law action which the court sustained notwithstanding their statute. What the scope and extent of that statute was is not shown, nor does it appear that the point of its repealing, or being intended as a revision of the common law, was brought to the attention of the court. If that statute was of the breadth of ours and showed the same intent which I think ours does, then I feel disinclined to accept that decision.

II.   But if we are in error in our conclusion as to the foregoing, the case must still be adjudged against the plaintiff, for the reason that the petition is, in fact, based on the statute and not on the common law; nor what is, in effect, the same thing, can it be considered as merely setting out the facts upon which a remedy "at large" may be had. The fact that it does not contain a prayer for the penalty (treble damages) given by the statute, is no evidence that it is not based on the statute. It is only necessary that the facts essential to support the action under the statute should be stated in the body of the petition. It compasses every test of a statutory action, it makes every allegation necessary to a case under the statute, not only by sections, but to the detail of its requirements. If this petition is not based on the statute, I am at a total loss to know how such question is ever to be determined. Though not containing a prayer for treble the excess of the charge, yet under the practice in this state treble the verdict could nevertheless be entered on a motion addressed to the court after verdict. This, indeed, is held to be the

proper procedure. An illustration was given at the argument of the cause, which shows the unfairness of a rule which would permit the plaintiff to name his cause of action, regardless of what he has stated in his pleadings. It was this, that as the penalty may be had at the hands of the court, on motion, though not asked in the prayer of the petition, how is a defendant to know whether he shall interpose the statute of limitations? It. was answered that he could do so when the motion was made. But the difficulty is, that then it is. too late, for unless the plea of limitation is raised by answer, it is considered waived. So in this case, the defendant is called to defend an action which to every intent and appearance is statutory; seeing that the action is barred by limitation, he makes his plea, and is met merely by the verbal declaration of counsel that the action is not in reality intended to be what it is declared to be in the pleadings.

The judgment is reversed and the cause remanded. All concur.