THE STATE *ex rel.* DOSENBACH, *Collector, Appellant*, v. ST. JOSEPH'S CONVENT OF MERCY.

Division Two, June 13, 1893.

1. **Constitution:** EXEMPTION FROM TAXATION: STATUTES. The provisions of the constitution of 1865 (Art. 11, Sec. 16), and of the constitution of 1875 (Art. 10, Secs. 6 and 7), prohibiting the exemption of property from taxation, except in certain enumerated cases, are both prospective in their operation and do not repeal a prior special law exempting the property of a private corporation from taxation.

| 116 | 575 |
| 63a | 419 |
| 116 | 575 |
| 68a | 428 |
| 116 | 575 |
| 92a | 256 |
| 116 | 575 |
| 175 | 1 60 |
| 116 | 575 |
| 101a | 2 214 |

2. **Statute**: SPECIAL LAW: REPEAL. A general affirmative statute does not repeal a prior and special one. unless words negativing the continuance of the prior act are used, or the two acts are irreconcilable.

*Appeal from St. Louis Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*John W. McElhinney* and *R. Lee Mudd*, Prosecuting Attorney, for appellant.

(1) The right of the legislature to repeal defendant's charter was reserved by the legislature. 1 Revised Statutes 1855, p. 371, section 7, Cooley on Taxation [2 Ed.], p. 72; *State, etc. v. Assoc.*, 11 Mo. App. 570. (2) Section 3 of the charter granting exemption from taxation was repealed by the constitution of 1865. Art. 11, Sec. 16; and if not repealed by it, it was repealed by the constitution of 1875. Art. 10, sec. 7; see *St. Joseph, etc. v. Cudmore*, 153 Mo. 634; *St. Joseph v. Shambaugh*, 106 Mo. 557. Sections 6 and 7 were intended to mark out a new policy and revise the whole subject matter of exemptions from taxation; and in such a case the provisions of a general law are construed as repealing inconsistent special acts. *State v. Roller*, 77 Mo. 120; *State ex rel. v. Severance*, 55 Mo. 378; *State ex rel. v. Matthews*, 94 Mo. 117. (3) This provision of the constitution was self-executing and required no ancillary legislation to give it effect. And it became operative and effective, not only prospectively, but as to existing laws thereby declared void. It is not giving the constitution retrospective operation to hold that thereafter, from the time of its adoption, it should have effect as to existing laws as well as to future enactments. *State ex rel. v. Holladay*, 64 Mo. 526; *Householder v. Kansas City*, 83 Mo. 488; *Railroad v. Cudmore*, 103 Mo. 634.

*Alex. J. P. Garesche* for respondent.

(1) A general law don't repeal or affect a special law, unless it refers to it, or the intention to do so is most clear. Laws and constitutions are always read as prospective, not retroactive, in their effect unless express words destroy this presumption. Fortunately, in our own courts, these rules are applied to these very constitutions. *Barry v. Cem. Ass'n*, 10 Mo. App. 587; *State ex rel. v. Cem. Ass'n*, 11 Mo. App. 570; *Ins. Co. v. Hill*, 12 Mo. App. 164. Reaffirmed in 86 Mo. 466; *Manker v. Faulhaber*, 94 Mo. 430; *State ex rel. v. Railroad*, 99 Mo. 36. Reviewing these same questions: *St. Vincent's v. Cape Girardeau*, 104 Mo. 261. (2) To which add these citations from appellant's brief as of equal at least, if not even of greater force: *State ex rel. v. Cem. Ass'n*, 11 Mo. App. 570; *State ex rel. v. Severance*, 55 Mo. 378; *Scotland v. Railroad*, 65 Mo. 123; *State ex rel. v. Greer*, 78 Mo. 190. (3) It is to me unintelligible, when having studied these, appellant's counsel can urge this appeal. For the other cases, by them cited, have no relation to the present appeal. The reservation of repeal or amendment, of every charter included in general law concerning corporations does not apply to charitable corporations. *State ex rel. v. Sacred Heart*, 99 Mo. 533. (4) If it did, it could be exercised only after previous notice to the respondent under theory of appellant that the provisions of the general law must be read as if embodied in the charter. Code of 1855, p. 379, sec. 1. And no notice in this case was given. This same protection has ever since been preserved. Wag. St., p. 293, sec. 33; Code of 1879, p. 66, sec. 54. (5) A convention has no more power in this respect than a legislature. Hence a constitution of no more validity than

a law.   *Wash. Un'y v. Rouse*, 75 U. S. 439.   Cooley on Taxation is cited by appellant as confirmatory of its position.   Cooley on Taxation [2 Ed.], p. 72.   But in note 4 to same page, on following page, the author contradicts appellant's position asserting that "A contract "in a charter is *not* repealed by a subsequent inconsistent constitutional provision."   And among other cases to support the thesis, cites: *Scotland Co. v. Railroad*, 65 Mo. 123.

GANTT, P. J.—This is an action to enforce a lien for delinquent taxes against certain real estate of the defendant for the years 1883 to 1888 inclusive, amounting to $805.58.

The answer of defendant admits its incorporation and ownership of the lands described in the petition, but avers that by its special charter granted by the legislature of Missouri in 1856–7, and still in force, all of its property is exempt from taxation. This plaintiff denies in his reply.

On the trial, defendant admitted all the allegations of the petition except that its property was subject to assessment or taxation or that it was liable therefor and offered in evidence its charter by special act of the legislature, in the session acts or laws of Missouri of 1856–57, at page 628.

By this charter, the defendant became incorporated in February, 1857, "for the foundation of an institution to educate poor girls, teach to them useful occupations, aid them to earn a livelihood and afford them a home;" and was granted perpetual succession, and authority to take and hold any estate, real, personal or mixed, "which may conduce or be deemed necessary to the support or promotion of the objects of the institution," etc.   (Sec. 1.)

Section 3 is in these words: "The property of the corporation shall be exempt from taxation."

Defendant offered evidence that immediately on its corporation it had organized, accepted of the charter, entered upon the fulfillment of the purpose of its charter and ever since has continued and still continues so to do. This was all the evidence in the case.

The circuit court held defendant's property was exempt from taxation under its charter and the collector appeals.

On behalf of the collector, it is insisted that the section in defendant's charter exempting it from taxation was repealed by the constitution of 1865, and, if not, then by the constitution of 1875. This special charter of defendant was granted subject to the laws in force in 1855, which provided that "the charter of every incorporation that shall hereafter be granted by the legislature shall be subject to alteration, suspension and repeal in the discretion of the legislature. Revised Statutes, 1885, sec. 7, p. 371.

No claim is interposed that it was not competent for the constitutional convention or the legislature to repeal this exemption, if it should be deemed wise to do so.

The question is simply one of construction. By article 11, section 16 of the constitution of 1865, it was ordained that "No property, real or personal, shall be exempt from taxation, except such as may be used exclusively for public schools, and such as may belong to the United States, to this state, to counties, or to municipal corporations within this state." This court construed this article of the constitution of 1865 to be *prospective* in its operation, and that it did not repeal the exemptions granted by special statutes prior to its adoption. *Scotland Co. v. Railroad*, 65 Mo. 123; see

also *State ex rel. v. Cemetery Association*, 11 Mo. App. 570; *State ex rel. v. Greer*, 78 Mo. 188.

Section 6 of article 10 of the constitution of 1875 exempts the property of the state, county and municipal corporations and cemeteries, and a limited amount when used for schools, religious worship and purposes purely charitable.

By section 7 of the same article it is provided: "All laws exempting property from taxation, other than the property above enumerated, shall be void."

It is conceived by plaintiff that this last section was intended to mark out a new policy, and should be construed as repealing all prior special exemptions. We are unable to see why the constitution of 1875 should receive, as to these sections, a different construction from that of 1865. As to prospective legislation, they are both clear and specific, but in neither do we discover any intention that they should act retrospectively. The rule has often been announced in this state that a general affirmative statute does not repeal a prior special statute, unless negative words are used or the two acts are irreconcilable. *Manker v. Faulhaber*, 94 Mo. 430, and cases cited; Sedgwick on Construction of Statutory and Constitutional Law [2 Ed.], 98. And, applying this rule, it has been held in other states and in England that a law imposing a general tax on all lands in the state does not repeal a prior special law exempting the property of special corporation from taxation. *State v. Minton*, 23 N. J. L. 529; *Williams v. Pritchard*, 4 Term. Rep. 2; *Blain v. Bailey*, 25 Ind. 165.

It would be violative of this almost universal canon of construction to hold that these general affirmative provisions should have a retroactive effect, and that they repeal this exemption under the general language of the constitution in the section quoted.

It must be presumed that the convention which framed our constitution in 1875, composed as it was in a large measure of many of the most eminent and experienced members of the bar, were perfectly familiar with the construction that had been put on the constitution of 1865, and if they had intended section 7 to have a retrospective or retroactive effect would have used some unambiguous language indicating that purpose. Had the section read: "All laws *heretofore passed* exempting property from taxation, etc., shall be void," a different conclusion would be easily reached. Such a purpose could easily have been shown by a provision similar to that in section 10, article 14 of the same constitution, "Lotteries prohibited."

"The general assembly shall have no power to authorize lotteries or gift enterprises for any purpose, and shall pass laws to prohibit the sale of lottery or gift enterprise tickets or tickets in any scheme in the nature of a lottery in this state; *and all acts or parts of acts heretofore passed by the legislature of this state authorizing a lottery or lotteries*, and all acts amendatory thereof, or supplemental thereto, are hereby avoided."

Our conclusion is that the respondent has no immunity which would prevent a repeal of this exemption by the legislature, but such a repeal was not effected by the general language of sections 6 and 7 of article 10 of the constitution of 1875, and the judgment of the circuit court is accordingly affirmed. BURGESS, J., concurs; SHERWOOD, J., not sitting.