BOONE COUNTY HOME MUTUAL INSURANCE COMPANY, Respondent, v. LEE ANTHONY, Appellant.

Kansas City Court of Appeals, January 11, 1897.

1. **Statutory Construction:** REPEAL: INSURANCE. The act of 1874, Laws, 1874-1890, is still in force, and has not been repealed by insurance laws in the revisions of 1879 and 1889.

2. **Insurance:** CONSTRUCTION OF CONTRACT: ASSESSMENTS. Under the contract of a mutual assessment fire insurance company, an assured is liable to assessment for a loss that occurred during the life of the contract, although the assessment was not made until after its expiration.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*N. T. Gentry* for appellant.

Revised Statutes of 1879, section 6001, and Revised Statutes of Missouri, 1889, section 5888, provide that a notice shall be published in some newspaper notifying the policy holders that an assessment has been made by the board of directors of the company; and that if any person fails or refuses to pay said assessment for thirty days after the publication of said notice, and the delivery of a copy of the same to him, the board of directors may bring suit to recover the full amount of said note. The defendant had a right to plead that the plaintiff had not complied with the statutes of Missouri governing insurance companies; it was new matter, and constituted a good defense to plaintiff's action. R. S. 1889, sec. 2049; *Kersey v. Garton,* 77 Mo. 645; Bliss on Code Pleading, section 352. The plaintiff company was incorporated under an act of the legislature approved March 27, 1874. But this session act has been superseded and repealed by the general act contained in Revised Statutes of Missouri, 1879, section 6012, and afterward in Revised Statutes of Missouri, 1889, section 5911. (2) Defendant offered to prove by all the witnesses in the case that no notice was published in the newspapers; but on the objection of the plaintiff, this was excluded. The words of the statute are positive, and very plain. R. S. 1889, sec. 5888. The policy recites that the defendant had obligated himself to pay all assessments that should be made by the board of directors during the term of five years, beginning April 3, 1889, and ending April 3, 1894. Twenty-five days after this policy expired, this assessment was made by the plaintiff, and in bringing suit against the defendant, the plaintiff brought suit for the full amount of the note. There is also a provision in this policy that a failure to pay an assessment

would forfeit the rights of the defendant under the policy. After the policy had expired, the defendant had no rights under it; and, therefore, it would be no penalty against him to provide that his policy should be suspended. *Ins. Co. v. Geraldin*, 31 Mo. 30. "When the policy is surrendered by the insured and cancelled by the insurer, defendant's liability on the deposit note ceases, and the company has no further claims on defendant, except for unpaid assessments on losses previously made." Flanders on Fire Ins. [2 Ed.], pp. 26, 27; *Receiver v. Adams*, 38 Barbour, 132; *Wadsworts v. Davis*, 13 Ohio H. H. 123; Wood on Ins. [2 Ed.], pp. 145, 1218; Richards on Ins., p. 53; *Ins. Co. v. Cropper*, 32 Pa. St. 357; *Ins. Co. v. O'Malley*, 97 Pa. St. 400; *Hoffman v. Ins. Co.*, 32 N. Y. 405; *Hoffman v. Indemnity Co.*, 56 Mo. App. 308; *Wallace v. Ins. Co.*, 41 Fed. Rep. 742; Wharton on Contracts, sec. 670; Bliss on Ins., sec. 385; Cook on Ins., 4; *Potter v. Ins. Co.*, 5 Hill, 149.

*Wellington Gordon* for respondent.

The——act of the general assembly of the state of Missouri, under which the plaintiff company was organized, providing for the incorporation and management of local insurance companies, approved March 27, 1874, is a local act, and plaintiff company is solely and alone governed by its provisions as to the nature and character of its premium notes, its policies, manner of making assessments on its premium notes, and the kind and character of notice that shall be given to policy holders of assessments made on their premium notes, and is not in any manner affected or governed by the Revised Statutes of 1879 or 1889, or any of the sections therein, as contended for by defendant's counsel. The several acts should be so construed as that

Ins. Co. v. Anthony.

they may stand together. A general affirmative statute does not repeal a special one, unless words negativing the continuance of the prior act are used, or the two acts are irreconcilable. *State ex rel. v. Convent of Mercy*, 116 Mo. 576; *Manker v. Faulhaber*, 94 Mo. 439, and authorities cited; *State v. Green*, 87 Mo. 583; *State v. Vic DeBar*, 58 Mo. 395. A general statute does not repeal a former local law, unless words negativing the continuance of the prior act are used, or the two acts are irreconcilable. Sedgwick on Construction of Statutory and Constitutional Law [2 Ed.], 98; *State v. Barnett*, 102 Mo. 356; *State ex rel. v. Frogin*, 98 Mo. 430; *Manker v. Faulhaber*, 94 Mo. 430; *Young v. R. R.*, 33 Mo. App. 509.

ELLISON, J.—Plaintiff is a local fire insurance company in Boone county, organized under the provisions of the act of 1874 governing "local insurance companies." Laws 1874, p. 90. Plaintiff instituted this action on a premium note given by defendant who was a member of such company. An assessment of fifteen per cent of the note was made against defendant, under the provisions of sections 12 and 13 of said act, to pay defendant's portion of a loss happening to one of the members of the company. Defendant failed to pay the assessment and continued in such failure for more than the time allotted him by the act aforesaid, viz., thirty days. Judgment was rendered for plaintiff for the amount of the assessment and interest.

STATEMENT.

The defense involves the question whether the act of 1874 aforesaid is still in force, or whether it has been repealed by our insurance laws as contained in chapter 89, of the statutes of 1889. The defense interposed is founded on the provisions of section 5888, of chapter

89 aforesaid, which provides for the publication in, a newspaper of a notice of the assessment.    This was not done in this case, for the reason that it was not required by the act of 1874.

We are of the opinion that the laws of 1874 aforesaid have not been repealed by either the revision of 1879 or that of 1889.    There are three ways in which a statute may be repealed: "*First*, by a repealing clause; *second*, by such repugnance that the two laws may not, in reason, both stand; *third*, by a revision of the whole subject-matter of the former law, which is evidently intended as a substitute for it."    *Young v. R'y*, 33 Mo. App. 509; *State ex rel. v. St. Joseph Convent*, 116 Mo. 575.

STATUTORY construction: repeal: insurance.

In this case, there is no repeal in terms of the laws of 1874.    Nor is there any repugnance between that law and the general law of insurance found in either the Revised Statutes of 1879 or 1889.    Both may well stand, find full application to the respective modes of insurance mentioned, and each may be duly enforced. That the law of 1874 relating to local companies has not been thought to be inconsistent with the general statutes of insurance is evident from the fact that those portions of the general statute which are thought to be inconsistent or repugnant were first enacted, substantially in their present form, in 1869, and when the law of 1874, now in question, was enacted, it was, of course, not thought to be, and was not, irreconcilable with the general insurance laws then existing and which were enacted five years before.    Yet it is the law of 1869 which has been substantially (so far as applied to this case) carried into the revisions of 1879 and 1889.    And to maintain that these revisions are repugnant to the law of 1874 is tantamount to stating that the latter law

and the general insurance law of 1869 were repugnant. Yet no one would contend that they were.

Coming, then, to the third mode of repeal, we think there has been no repeal by way of a substitute. There are two matters appearing, one in each statute, that, taken together, give unmistakable evidence that the revision was not intended as a substitute for the law of 1874. In the latter act is found a provision in section 26 that "All companies incorporated under the provisions of this act are hereby exempted. from the operation of all other general statutes of this state in regard to insurance. * * *" And in the revision of 1889, section 5909, amended in Acts 1891, page 165, the foregoing provision is reenacted. Indeed, it seems to have been largely the purpose of that section to prevent the very construction now insisted upon by defendant. For it not only reenacts the provision aforesaid, but it specially provides that no provision of the general insurance law "shall be so construed as to impair, or in any manner interfere with any of the rights or privileges" of local companies.

II. The policy issued to defendant and for which the note in suit was given, insured defendant for a space of five years. The premium note reads as follows:

"$450.00.                    COLUMBIA, Mo. April 30, 1889.

"For value received, in policy No. 1514 issued by the Boone Co. Home Mutual Fire Insurance Company, I hereby promise to pay to said company four hundred and fifty dollars, in such installments or assessments as may be required by the directors of said company, to be made according to the laws governing said company, and the by-laws thereof—it being agreed that a failure to pay any assessment shall entitle said company to collect the whole amount of this note."

The following is a provision of the policy.

"It being fully understood that a failure to pay any assessment made on the assured's premium note shall suspend this policy and insurance until such assessment shall be paid, reference being had to his application of even number herewith, filed with the secretary of the company, for a more particular description, and as a part of this policy, during the term of five years, commencing at noon on April 3, 1889, and ending at noon on the same day of the same month, 1894."

The loss for which defendant was assessed occurred before defendant's contract of insurance expired; but the assessment against defendant for his portion of the loss was not made until *after* the insurance expired. Defendant contends that the plaintiff company had no authority to assess him after the expiration of the contract, notwithstanding it was for a loss occurring before. We do not so construe the contract. The consideration for the note which plaintiff received was insurance for the period named. The consideration which the company received was the mutual liability which the defendant assumed with other members, to pay his portion of any loss which occurred while he had the benefit of the insurance. The fact that the assessment was not made until after the defendant's term expired ought not to affect the question. Certainly, this is the right view of the matter, for any other view would allow defendant his insurance against loss during a time when he refuses to aid in paying a loss to one of his brother members.

This view is supported by the terms of the contract. For, notwithstanding the wording of the policy is not clear as to when an assessment shall be made, yet we look upon the note and the policy as one con-

INSURANCE: construction of contract: loss: assessment.

tract.   And it is provided in the policy that the law of 1874, authorizing the organization of the company, shall be a part of the contract.   That law provides in section 10, that at the expiration of the term of insurance, the note or such part of the same as may be "unpaid after deducting all losses and expenses *accruing during said time*," shall be returned "to the signer of the note."   It is further provided in section 11, that: "every member of said company shall be and hereby is bound to pay his proportion of all losses happening or accruing in and to said company."

In addition to these provisions, the whole scope of the act shows it to be the intent and meaning of the law that the assured member shall be liable for his proportion of losses which occur during his membership.   We therefore hold that the fact that the assessment was made after his policy had expired can not avail defendant as a defense.   We think the circuit court gave the proper construction to the statutes and the contract, and hence affirm the judgment.   All concur.